IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GN NETCOM A/S, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.  _____ |
| | ) | |
| FOUNDATION ONE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiff, GN Netcom A/S ("GN"), by its undersigned attorneys, sets forth its Complaint against defendant, Foundation One, Inc. ("Foundation") as follows:

## PARTIES

1.  GN is a Danish limited liability company with a principal place of business at Lautrupbjerg 7, 2750 Ballerup, Denmark.  GN is extensively engaged in the business of selling telephonic headset products throughout the world.  GN sells products directly to consumers via its Internet sites, retail stores, and through authorized resellers.

2.  Foundation One, Inc. is a Pennsylvania corporation with a principal place of business at One Highview Road, Downingtown, Pennsylvania.  Foundation distributes and sells headsets, including those made by GN.

## JURISDICTION AND VENUE

3.  Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a), which confer original jurisdiction upon this Court for all civil actions arising under the laws of the United States and any act of Congress relating to trademarks, respectively.  In

addition, supplemental jurisdiction over related state law claims, if any, is conferred upon this

Court by 28 U.S.C. § 1367(a).

4.   Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b)(1) as

Foundation resides within this judicial district.

5.   This Court has personal jurisdiction over Foundation as Foundation maintains its

principal place of business within the state of Pennsylvania.

### GN TRADEMARKS

6.   GN is the owner of common law rights in, and Certificates of Registration on the

Principal Register of the United States Patent and Trademark Office for, a number of marks

which incorporate the JABRA mark, including the following (hereinafter referred to as the

"Jabra Marks"):

| Registration No. | Mark | Goods and Services |
|---|---|---|
| 1,900,419 | **JABRA** | IC 009. US 021. G & S: communications equipment, namely ear pieces, transmitters, receivers and speakers. |
| 3,852,135 | **JABRA BIZ** | IC 009. US 021 023 026 036 038. G & S: Apparatus for recording, transmission and reproduction of sound, namely, loudspeakers, microphones, telephones and structural parts therefor; headsets for telephones |
| 3,852,136 | **JABRA GO** | IC 009. US 021 023 026 036 038. G & S: Apparatus for recording, transmission and reproduction of sound, namely, loudspeakers, microphones, telephones and structural parts therefor; headsets for telephones |

| 3,956,422 | **JABRA PRO** | IC 009. US 021 023 026 036 038. G & S: Apparatus for recording, transmission and reproduction of sound, namely, loudspeakers, microphones, telephones and structural parts therefor; headsets for telephones |
|---|---|---|
| 3,087,823 | RELEASE YOUR JABRA | IC 009. US 021 023 026 036 038. G & S: Apparatus for recording, transmission and reproduction of sound; loudspeakers; microphones; telephones and parts and accessories therefor; headsets for telephones |
| 3,557,794 | JABRA MULTI USE | IC 009. US 021 023 026 036 038. G & S: Apparatus for recording, transmission and reproduction of sound, namely, loudspeakers, microphones, telephones and structural parts therefor, headsets for telephones |
| 1,067,107 (International registration No.); published for opposition in US on May 24, 2011 | JABRA EASYTALK | IC 009. US 021 023 026 036 038. G & S: Apparatus for recording, transmission and reproduction of sound, namely, loudspeakers, microphones, telephones and structural parts therefor; headsets for telephones |

7. The Jabra Marks are well-known, famous, inherently distinctive and/or have acquired distinctiveness long prior to their use by Foundation. The goodwill associated with the Jabra Marks is a valuable asset, and GN has expended great effort and considerable resources in the promoting and advertising of its goods and services under the GN Marks. GN spends nearly $1,000,000.00 in the United States advertising and promoting the Jabra Marks. As a result of

3

this widespread and continuous use, the Jabra Marks have become widely associated with GN;

identify GN as the source of its goods and services sold; and represent the valuable goodwill of

GN among members of the consuming public.  The goodwill associated with the Jabra Marks is

a valuable asset that provides GN the long-term ability to compete in the headset marketplace.

8.   GN is also the registrant of the domain name, jabra.com.  It uses the jabra.com domain

name to promote and advertise the headsets that it manufactures and sells.

## FOUNDATION'S MISCONDUCT

9.   Unbeknownst to GN, Foundation purchased and registered the domain name jabra-headsets.com.

10. Foundation has set up the jabra-headsets.com domain name so that it resolves to a

webpage selling headsets manufactured by GN and bearing the Jabra Marks.

11. Foundation has designed its webpage to confuse customers into believing that the

webpage is somehow run by, associated with, endorsed by, or affiliated with GN.

12. Foundation's use of the JABRA mark in its domain name confuses customers into

believing that the webpage is somehow run by, associated with, endorsed by, or affiliated with

GN.

13. On July 5, 2011, GN, through counsel, caused to be mailed a letter to Foundation

informing it of its infringing use of the jabra-headsets.com domain name and demanding that it

cease and desist from further use immediately.

14. Foundation ignored the letter and offered no reply or explanation for its infringing use.

4

## COUNT I
### Anticybersquatting Consumer Protection Act
### (15 U.S.C. § 1125(d))

15. GN incorporates and references the allegations asserted in each of the preceding

paragraphs, as if fully set forth herein.

16. GN engages in interstate activities designed to promote the goods and services sold, as

well as the goodwill associated with the Jabra Marks, throughout the United States.

17. The Jabra Marks, relating to GN's headset business, have been, and will continue to be,

known throughout the United States as identifying and distinguishing GN's headset business.

18. Without authorization or consent, Foundation has incorporated the JABRA mark into the

domain name jabra-headsets.com, which currently directs users to Foundation's webpage selling

products bearing the Jabra Marks.

19. Given the use of the Jabra Marks in the name of the domain name as well as within the

content of the webpage, Foundation has used the JABRA mark without permission of GN and in

a manner which causes consumer confusion in the headset marketplace.

20. Foundation has registered, used, and/or trafficked in a domain name that is confusingly

similar and virtually identical to GN's Jabra Marks, within the meaning of 15 U.S.C. § 1125(d).

21. At the time of Foundation's registration of jabra-headsets.com, the JABRA mark was

distinctive within the meaning of 15 U.S.C. § 1125(d).

22. Foundation's act of using the JABRA mark within its domain name to redirect consumers

looking for headsets bearing the Jabra Marks and to gain an unfair advantage in search engine

ranking and online dealer credibility over resellers not using the Jabra Marks, is a bad faith intent

to profit from the JABRA mark within the meaning of 15 U.S.C. § 1125(d).

23. GN has been, and continues to be, damaged by Foundation's activities and conduct. Foundation has profited thereby, and, unless its conduct is enjoined, GN's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages.  Accordingly, GN is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

24. GN has been, and continues to be, damaged by Foundation's activities and conduct. Foundation has profited thereby, and, unless its conduct is enjoined, GN's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages.  Accordingly, GN is entitled to transfer of the jabra-headsets.com domain name pursuant to 15 U.S.C. § 1125(d).

25. By its bad faith use of a domain name that is confusingly similar or substantially identical to the JABRA Marks, Foundation is liable for Foundation's profits and three times GN's damages pursuant to 15 U.S.C. § 1117(a).

26. In the alternative, by its bad faith use of a domain name that is confusingly similar to or substantially identical to the Jabra Marks, at GN's election, at any time before final judgment, Foundation is liable for an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the Court considers just, pursuant to 15 U.S.C. § 1117(d).

27. By its bad faith use of a domain name that is confusingly similar to or substantially identical to the Jabra Marks, Foundation is liable for the costs of the action, pursuant to 15 U.S.C. § 1117(a).

28. Because its bad faith is exceptional, the Court may award attorneys' fees to GN, pursuant to 15 U.S.C. § 1117.

## COUNT II
### Unfair Competition and False Designation of Origin
### (15 U.S.C. § 1125(a))

29. GN incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

30. GN engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with its Jabra Marks, throughout the United States.

31. The Jabra Marks, relating to GN's headset business, have been, and will continue to be, known throughout the United States as identifying and distinguishing GN's headset business.

32. By using the Jabra Marks or a confusingly similar designation in connection with the sale, offering for sale, distribution, and/or advertising of goods and services to the public, without GN's consent, Foundation is falsely designating the origin of its goods and services and/or falsely representing sponsorship by, affiliation with, or connection to, GN and its goods and services in violation of 15 U.S.C. § 1125(a).

33. By using the Jabra Marks or a confusingly similar designation in connection with the sale, offering for sale, distribution, and/or advertising of goods and services to the public, without GN's consent, Foundation has knowingly and intentionally infringed upon GN's Jabra Marks.  Accordingly, GN is entitled to a judgment of three times its damages and Foundation's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

34. GN has been, and continues to be, damaged by Foundation's activities and conduct. Foundation has profited thereby, and, unless its conduct is enjoined, GN's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages.  Accordingly, GN is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

**WHEREFORE**, Plaintiff GN respectfully requests that this Court:

1.   Issue a temporary restraining order, preliminary injunction, and permanent injunction preventing Foundation from using the Jabra Marks and any confusingly similar designations and requiring Foundation to discontinue its current infringing practices;

2.   Enter judgment in favor of Plaintiff GN on the counts asserted herein and award damages;

3.   Award Plaintiff GN the costs incurred in bringing this action;

4.   Award Plaintiff GN damages reflecting Plaintiff's actual damages and any profits the Defendant has made as a result of its infringement of Plaintiff's GN Marks, and due to the exceptional nature of the violations, any such damages be trebled, and attorneys' fees be awarded, all as provided for under 15 U.S.C. § 1117;

5.   Award Plaintiff GN, as an alternate to actual damages, statutory damages for violation of the Anticybersquatting Consumer Protection Act, in an amount to be determined by the Court, plus attorneys' fees and costs pursuant to 15 U.S.C. § 1117(d);

6.   Award Plaintiff GN its actual damages for violation of the Anticybersquatting Consumer Protection Act, including punitive damages, attorneys' fees and costs pursuant to 15 U.S.C. § 1117(d);

7.   Order Defendant to transfer immediately and unconditionally the jabra-headsets.com domain  name, and any other infringing domain names held by the Defendant, to Plaintiff GN; and

8.   Grant Plaintiff such other further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

Respectfully submitted this 18th day of August, 2011.

NELSON MULLINS RILEY & SCARBOROUGH LLP


By:   s/ Matthew E. Brown
      Matthew E. Brown
      PA Federal Bar No. 93541
      151 Meeting Street / Sixth Floor
      Charleston, SC 29401
      E-Mail: matt.brown@nelsonmullins.com

      (803) 799-2000